

June 08, 2009

Reassure America Life Ins Company % Harrigan
175 King Street, % Swiss Re Life & Hlth
Armonk, NY 10504
NAIC # 70211

CERTIFIED MAIL
RETURN RECEIPT REQUESTED
7008 3230 0002 4321 2476
Cashier # 3442

Re: Robert S. Holland V. Reassure America Life Ins Company % Harrigan

Docket # 1-255-09

To Whom It May Concern:

We are enclosing herewith a document that has been served on this department on your behalf in connection with the above-styled matter.

I hereby make oath that the attached Complaint was served on me on June 05, 2009 by Robert S. Holland pursuant to Tenn. Code Ann. § 56-2-504 or § 56-2-506. A copy of this document is being sent to the Circuit Court of Knox County, TN.

Brenda C. Meade
Designated Agent
Service of Process

Enclosures

cc: Circuit Court Clerk
    Knox County
    400 Main Avenue, Rm M-30 C/C Bldg
    Knoxville, Tn 37902

Service of Process 615.532.5260

**EXHIBIT**

# IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

Robert S. Holland, Trustee )
308 Cogdill Road, N.W. )
Knoxville, Tennessee 37922 )
2009 MAY 21 PM 1:16 )

Plaintiff, )
CIRCUIT COURT )

vs. ) Docket No.: 125509
)
Reassure America Life Insurance Co. )
175 King Street )
Armonk, New York 10504 )
)
Defendant. )

## SUMMONS

### TO BE SERVED THROUGH THE COMMISSIONER OF INSURANCE

To the above-named Defendant(s): **Reassure America Life Insurance Co.**

You are hereby summoned and required to serve upon Robert S. Holland, Plaintiff's attorney, whose address is 308 Cogdill Road N.W., Knoxville, Tennessee 37922, and to file with this Court, an answer to the *Complaint* herewith served upon you, within 30 days after service of this Summons and Complaint upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint.

Issued and tested this __21__ day of ___May___, 2009.

Cathy Quist                          Steve Harmon
Clerk                                Deputy Clerk

## NOTICE

To the Defendant(s): **Reassure America Life Insurance Co.**

Tennessee law provides a four thousand dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, **unless it is filed before the judgment becomes final, it will not be effective as to any execution of garnishment issued prior to the filing of the list.** Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer. T.C.A. § 26-2-114

Case 3:09-cv-00282-TAV-CCS Document 1-1 Filed 06/26/09 Page 2 of 26 PageID #: 5

## SERVICE INFORMATION

To the process server: Defendant **Reassure America Life Insurance Co.** can be served THROUGH THE COMMISSIONER OF INSURANCE.

**Reassure America Life Insurance Co.** address is: 175 King Street, Armonk, New York, 10504.

## RETURN

I received this summons on the _____ day of _____, 2009.

I hereby certify and return that on the _____ day of _____, 2009, I:

( ) served this Summons, and Petition to Set Child Support on Defendant Reassure America Life Insurance Co. in the following manner: _____

_____

( ) failed to serve this summons within 30 days after its issuance because:_____

_____

_____
Process Server Name

_____
Address

_____
Telephone Number

_____
Process Server Signature

For:   Attorney Robert S. Holland
Attorney of record for Reid Crumpton
HOLLAND LAW, An Association
308 Cogdill Road, NW
Knoxville, TN 37922
(865) 675-9125 Telephone

The Americans with Disabilities Act prohibits discrimination against and qualified individual with a disability. The Tennessee Judicial Branch does not permit discrimination against any individual on the basis of physical or mental disability in accessing its judicial programs. In accordance with the Americans with Disability Act, if necessary, the Tennessee Judicial Branch will provide reasonable modification in order to access all of its programs, services and activities to qualified individuals with disabilities.

If you require a modification to access the judicial program and/or have special needs because of a qualified disability, you must submit a written Request for Modification to the Local Judicial Program ADA Coordinator listed below at least five (5) business days prior to the date of the judicial program, if possible. A form is available from the Local Judicial Program ADA Coordinator or from the Tennessee Judicial Program ADA Coordinator, http: www.tsc.state.tn.us

If you need assistance, have questions or need additional information, please contact the Local Judicial Program ADA Coordinator:

> Pat Carson, Compliance Officer
> Knox County Human Resources Office
> Suite 360 City-County Building
> 400 Main Street, Knoxville, Tennessee 37902
> Voice phone: (865)215-2952    TTY: (865)215-2497

If you need assistance, have questions, or need additional information you may also contact the Tennessee Judicial Program ADA Coordinator:

> Pamela Taylor, Manager/Coordinator
> State Judicial ADA Program
> Administrator Office of the Courts
> Nashville City Center, Suite 600, 511 Union Street
> Nashville, TN. 37219
> (615) 741-2687    (615) 741-6285

The Tennessee Judicial Branch Americans with Disabilities Act Policy Regarding Access to Judicial Programs, as well as a Request for Modification form may be found online at www.tsc.state.tn.us

## IN THE CIRCUIT COURT FOR KNOX COUNTY, TENNESSEE

Robert S. Holland, Trustee )
308 Cogdill Road, N.W. )
Knoxville, Tennessee 37922 )
                     )
     Plaintiff, )
                     )
vs. )     Docket No.: _1-255-09_
                     )
Reassure America Life Insurance Co. )
175 King Street )
Armonk, New York 10504 )
                     )
     Defendant. )

---

## COMPLAINT

---

Comes the Plaintiff, Robert S. Holland, by and through counsel, and files this *Complaint*

for Five Hundred Thousand Dollars ($500,000.00), and in support thereof would show to this

Honorable Court as follows:

1. Originally an annuity was issued by Royal Life Insurance Company of America,

   owned by Royal Indemnity Company on or about January 30, 1989.

   The annuitant was Melba Brendle whose contract number is 32N4023127 and

   claim number is 428G35823, and the annuity benefit schedule says beginning on

   April 1, 1989 that there were three hundred sixty (360) months of payments

   certain, including three (3) lump sum payments, followed by payments for as long

   as the payee is alive.

2. That the Defendant Reassure America Life Insurance Company, apparently, at

   some point, purchased the annuity contract or had it assigned by Royal Life

   Insurance Company of America or some other entity.

*Page 1 of 11*

3. Reassure America Life Insurance Company is registered with the State of Tennessee, Department of Commere and Insurance with an address of 175 King Street, Armonk, New York 10504. It also has an address of 300 E. State Street, Jacksonville, Illinois 62650.

4. Pursuant to T.C.A. § 20-2-223 personal jurisdiction in this case is based on transacting business in this State; contracting to supply services or things in this State; causing torturous injury by any act or omission in this State; causing torturous injury in this State by an act or omission outside this State of the person who regularly docs or solicits businesses or engages in any other persistent course of conduct or derives substantial revenue from the assets used or consumed as services rendered in this State.

5. Personal service is also based on the transaction of any business within the State, any torturous act or omission within this State, entering into any contract of insurance covering any person, property, or risk located within this State at the time of contracting entering into a contract for services to be rendered...in this State. Any basis not inconsistent with the Constitution of this State or the United States pursuant to T.C.A. § 20-2-214.

6. The Defendant Reassure America Life Insurance Company was doing business in this State as a foreign insurance company doing business in Tennessee pursuant to T.C.A. 56-2-502, and is apparently registered with the Commissioner of Insurance and shall accept service through the Commissioner of Commerce and Insurance.

## I. Bad Check Charge:

1. Pursuant to T.C.A. § 47-29-101, a person writing a check that is dishonored, as

happened in this matter, for Forty Thousand Dollars ($40,000.00), thereafter being noticed, which has occurred here twice (*see Exhibit 1 and Exhibit 2 attached hereto*) and ignoring said notice. Therefore, the Defendant insurance company is liable for the face amount, plus ten percent (10%) interest, service charges, Court costs, and a reasonable attorney's fee.

2. In this matter pursuant to the contract (*attached hereto as Exhibit 3*) a Forty Thousand Dollars ($40,000.00) lump sum payment was due on February 1, 2009. In fact, that money was paid to Robert S. Holland, as Trustee, and deposited into a SunTrust account, but the Defendant later stopped payment on same. The Defendant also wrote a letter to Melba Brendle and Robert S. Holland, Trustee, stating that said payment was the last payment under the contract (*attached hereto as Exhibit 4*). Said letter alleged that was the last payment when in fact, there are additional payments due under the contract, which apparently was with the other actions of the Defendant obviously a willful, intentional, and deliberate act, not a mistake. That was a complete and utter falsehood, and therefore the Defendant stopped payment on the Forty Thousand Dollars ($40,000.00) check already in the possession of Robert S. Holland, Trustee, and has not paid the subsequent monthly payments, and also numerous previous payments.

## II. Punitive Damages:

1. The Defendant stopping payment without any explanation on a Forty Thousand Dollars ($40,000.00) check that was due under the contract, failing and refusing to respond to the two (2) letters that were sent, and failing to pay the Five Hundred Dollars ($500.00) per month, also due in owing, amounts to contractual fraud, as

later plead, and is therefore torturous.

2.  The Defendant's conduct was characterized by circumstances such as fraud, oppression, conscious or reckless disregard of the rights of the Trustee by its failure and refusal to communicate with the Trustee.

3.  Obviously, the Defendant failed to properly investigate the claim, or if they did, they willfully, deliberately, and intentionally violated the contract.

4.  Said contract had been changed a long time prior to the 1998 filing, which was sent to Royal Insurance Company the predecessor of the Defendant (*see Exhibit 5 and Exhibit6*).

### III.  **Misrepresentation, Deceit and Fraud:**

1.  The Defendant made a false or misleading representation as to the character of the Forty Thousand Dollars ($40,000.00) and the Five Hundred Dollars ($500.00) monthly payments, when it issued the check, stopped payment on the same, and has not sent the Five Hundred Dollars ($500.00) payment for the months of March, April, and May 2009.

2.  Misrepresentation was certainly one of fact, was material, intentional, reckless, or negligent, and there was an absolute duty to provide accurate information, which was not provided. The Defendant has not ever suggested to the Trustee in writing or orally, a reason for same, and has simply ignored efforts to communicate.

3.  The Trustee relied on this misrepresentation, whether intentional or negligent, to its ultimate harm, and some of the money had to be replaced in the account by Robert S. Holland, Trustee.

4.  The reliance was certainly justified as these payments had been received for nearly

*Page 4 of 11*

twenty (20) years, and have always cleared the bank prior to this time.

5. Therefore, the Plaintiff was harmed as a proximate result of the misrepresentation.

6. That also involves fraud, as it was a fraudulent misrepresentation, and the Plaintiff was not aware of the falsity of same and had a reasonable belief that it was true.

7. The fraudulent representation was knowingly made without a belief in its truth or recklessly, and damaged the Plaintiff.

8. The negligent fraud is that the contract, by the actions of the Defendant, is untrue and/or is omission of facts, and it was a material fact whether the payment would be made or not.

9. That while the contract has been performed monthly for many years, since 1989, therefore it had been ratified many times and the difference in value and the real value of that one payment being the lump sum payment of Forty Thousand Dollars ($40,000.00), is Forty Thousand Dollars ($40,000.00) plus interest, etc.

10. In deceit, the Defendant made a false assertion by canceling the check and this false assertion is calculated to cause or is causing injury and the falsehood was known to the Defendant, and amounts to fraud as the Plaintiff Robert S. Holland, Trustee, remains ignorant of the cause of same, and relied on the same in depositing the check in the bank.

## IV. Commercial Transaction Fraudulent Misrepresentation:

1. In the course of a business transaction, which this certainly was, as the annuity was promised, except that they received money for same, and so the Defendant had a pecuniary interest, and supplied false information because they assumed the duties and obligations of the contract set forth in *Exhibit 3*, and the Plaintiff

*Page 5 of 11*

o          justifiably relied on that false information to its pecuniary loss.

## V.  Breach of Contract:

1.     **_Exhibit 3_**, contract is a mutual matter being that an annuity was purchased from
       Royal Insurance, which they later apparently assigned or transferred to the
       Defendant herein.

2.     Under the contract the Defendant was obligated to pay thirty (30) years, not
       twenty (20) years certain like they paid. Also, they were obligated to pay the
       Forty Thousand Dollars ($40,000.00) lump sum on February 1, 2009.

3.     The Defendant paid and then stopped payment on the said Forty Thousand Dollars
       ($40,000.00) check, and did not continue to pay the Five Hundred Dollars
       ($500.00) per month. Therefore, the actual damages are Forty Thousand Dollars
       ($40,000.00), One Thousand Five Hundred Dollars ($1,500.00), plus all future
       payments that are not paid, and the prior payments that were mailed late or not
       received until after the check was void.

4.     These actions placed the Defendant in default of their obligations under the
       contract.

5.     Pursuant to **_Exhibit 6_** sent to Royal Insurance Company over ten (10) years ago,
       and recorded in the Register of Deeds Office of Knox County, Tennessee,
       amounting to notice to the world, the Defendant had notice that all the funds were
       to be paid over to Robert Holland, Trustee of the Trust involved.

6.     Pursuant to **_Exhibit 5_** sent to Royal Insurance Company, it was clear that Melba
       Brendle intended to after her death, to assign the interest in any payment due to
       the party set forth in said **_Exhibit 5_**.

Case 3:09-cv-00282-TAV-CCS   Document 1-1   Filed 06/26/09   Page 10 of 26   PageID #: 13

7.  That but for the stopping of the payments the Plaintiff would have suffered no damage. However, the stopping of the payment and the failure of refusal to restart the same amounts to the legal and proximate cause of Plaintiff's loss.

8.  Those damages amount to Forty Thousand Dollars ($40,000.00), Five Hundred Dollars ($500.00) per month, plus interest pursuant to T.C.A. § 47-29-101 *et seq.*, with the amount of damages increasing by Five Hundred Dollars ($500.00) per month plus interest, attorney's fees, etc., and previous payments not made.

## VI.  Cause of Action for Interference with Prospective Business Advantage:

1.  The Plaintiff had a business relationship with Melba Brendle also known as Melba Brendle Herring (hereinafter Brendle), and had a reasonable expectation of economic gain resulting from the relationship.

2.  The Defendant engaged in conduct by stopping payment on a Forty Thousand Dollars ($40,000.00) check, and not issuing other payments due under the contract and having waived any objection to same, these actions had an adverse affect on the business relationship between Plaintiff and Brendle.

3.  Reassure America Life Insurance Company intended to cause a destruction or harm to the relationship as they clearly intended to stop payment and went out of their way to stop payment on a check after it was issued, and after a letter was sent claiming falsely that said payment was the last payment under the contract.

4.  Reassure America Life Insurance Company's conduct was the proximate cause of the destruction or harm to the business relationship between Brendle and Holland as Trustee.

5.  Holland as Trustee, has suffered substantial loss and damage as a result of the

*Page 7 of 11*

Defendant's interference with that relationship and failure to pay the amounts due under the contract.

6.    That punitive damages as well as the actual damages should be allowed in this matter.

## VII.    Consumer Protection Act of 1977:

1.    Pursuant to T.C.A. § 47-18-101 *et seq.*, the stopping of the check and failure to provide the other checks is an actual practice deceptive to the consumer or other person and an unfair or deceptive act as a trade practice.

2.    The policy pursuant to T.C.A. § 47-18-102(2) is to protect consumer and legitimate business enterprises from those who engage in unfair or deceptive acts or practices in the conduct of any trade or commerce in part or wholly within this State; and to declare and to provide for civil legal means from maintaining ethical standards of dealing between persons engaged in business in the consuming public to the end that good faith dealings between buyers and sellors at all levels of commerce be had in this State.

3.    Pursuant to T.C.A. § 47-18-103(9) a person means a natural person...partnership, cooperation, Trust...and any other legal commercial entity however organized.

4.    The act of stopping payment on a Forty Thousand Dollars ($40,000.00) check after issuing the same, and not issuing subsequent Five Hundred Dollars ($500.00) monthly checks due, is clearly a willful and knowing violation of the Tennessee Consumer Protection Act and as such, the Court should award up to three (3) times the actual damages sustained and provide any other relief as the Court considers necessary and proper per T.C.A. § 47-18-109(3).

*Page 8 of 11*

5.  Pursuant to T.C.A. § 47-18-109(e)(1) the Court is requested to award reasonable attorney's fees and costs.

6.  Pursuant to T.C.A. § 47-18-113(b) the proper forum is the State of Tennessee.

## PREMISES CONSIDERED, THE PLAINTIFF PRAYS:

1.  To be allowed to file this *Complaint* and upon the filing of same, the matter be served upon the Defendant, and they be required to answer within thirty (30) days or suffer default.

2.  That the Court hear this matter at the earliest possible convenience, and that after a hearing enter an Order finding the Defendant, guilty of one or more violations of the law as set forth herein, as hereinafter amended.

3.  That the Court award actual damages in the amount of Forty Thousand Dollars ($40,000.00), monthly amounts of Five Hundred Dollars ($500.00), reasonable interests per statute, and reasonable attorney's fees pursuant to statute.

4.  That the Court consider under the Consumer Protection Act, if Judgment is awarded pursuant to said Consumer Protection Act tripling the damages pursuant to T.C.A. § 47-18-109(a)(3).

5.  That injunctive relief be issued at the final hearing hereon requiring the payment of said funds in a timely manner to be made to Robert Holland, Trustee, Plaintiff herein.

6.  To require in said injunction that *Exhibit 5* and *Exhibit 6* be enforced against the Defendant.

7.  That Plaintiff reserves the right to amend his *Complaint* in the event it becomes necessary, as a result of discovery or other matters.

8.     For all legal and equitable remedies that the Court finds the Plaintiff entitled to.


Respectfully submitted this $\underline{21^{st}}$ day of May, 2009.


**Exhibit(s):**

1.     **Letter to Insurance Company Dated January 28, 2009.**
2.     **Letter to Insurance Company Dated February 11, 2009.**
3.     **Contract.**
4.     **Letter from Insurance Company Stating Last Payment Dated January 9, 2009.**
5.     **Letter Dated March 19, 1998 to Royal Insurance Company.**
6.     **Letter Dated March 30, 1998 to Royal Insurance Company with Filed Memo Attached.**

**ROBERT S. HOLLAND**
**PLAINTIFF**

**ROBERT S. HOLLAND, ESQ.** (6846)
*Attorney for Plaintiff*
HOLLAND LAW, An Association
308 Cogdill Road, N.W.
Knoxville, TN 37922-2090
(865) 675-9125 Telephone
(865) 675-9127 Fax


*Notarization on following page.*

Case 3:09-cv-00282-TAV-CCS   Document 1-1   Filed 06/26/09   Page 14 of 26   PageID #: 17

# NOTARY

**STATE OF TENNESSEE** )
**COUNTY OF KNOX** )

Personally appeared before me, _Aquilla M. Forbes_ , the undersigned authority, **Robert S. Holland,** with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who acknowledged that he/she executed the within instrument for the purposes therein contained.

Witness my hand at office this _21st_ day of _May, 2009_

_signature_
Notary Public
My Commission Expires: _8/10/2012_

## COST BOND

We, the undersigned, hereby acknowledge ourselves as Principal and Surety for the costs incident to this cause in accordance with T.C.A. 20-12-120, not to include punitive damages.

_signature_ _signature_

**Robert S. Holland, Principal** **Robert S. Holland, Surety**

*Page 11 of 11*

Exhibit 1

**Holland Law**
*Attorneys at Law*
*An Association*

308 Cogdill Road, N.W.
Knoxville, Tennessee 37922

Telephone: (865) 675-9125
Facsimile: (865) 675-9127

2009 MAY 21 PM 4: 17

*Robert S. Holland \**

*Shannon M. Holland \**

*\*Admitted to practice before*
*The Supreme Court of the United States*

January 28, 2009

## VIA FACSIMILE (803) 333-7842

Reassure America Life Insurance Company
P.O. Box 1147
Jacksonville, Illinois 62651-1147

> **RE:** **Insured Name: Melba Brendle**
> **Policy Number: 24023127**
> **Correspondence Number: 08626364**

Dear Sir:

We received a check in the amount of Forty Thousand Dollars ($40,000.00) as the last payment for the above-referenced account.

Your letter of January 9, 2009 from the Repetitive Payment Section said that we had received it, and in fact, we had. We had also deposited that check, and this puts me in a very bad situation, because you apparently on January 15, 2009 stopped payment on the check.

This was deposited into my Trust account, and it has made my account get out of balance, which can result in discipline be meeted out to me. I have not received any letter explaining why the check was stopped payment, and it apparently was done twelve (12) days ago.

However, I did receive a letter dated January 9, 2009, indicating that it was the last payment. Why was the payment stopped? I have been receiving checks from you for years, so I assumed that the check was good. Apparently, according to you, it is not good. Please advise.

With Kindest Personal Regards,

Robert S. Holland

RSH/lmf

Enclosures: Letter of January 9, 2009.
Copy of check marked stop payment.
cc: File

C:\Users\Holland Law\Documents\RSH Client Folders\2001 Client Folders\2001-004 Melba Brendle\Reassure America.012809.Ltr.wpd

Case 3:09-cv-00282-TAV-CCS Document 1-1 Filed 06/26/09 Page 16 of 26 PageID #: 19

*Exhibit 2*

**Holland Law**
*Attorneys at Law*
*An Association*

308 Cogdill Road, N.W.
Knoxville, Tennessee 37922

Telephone: (865) 675-9125
Facsimile: (865) 675-9127

2009 MAY 21 PM 4: 17

.. I COURT CLERK

*Robert S. Holland \**

*Shannon M. Holland \**

*\*Admitted to practice before*
*The Supreme Court of the United States*

February 11, 2009

## VIA FIRST CLASS U.S. MAIL RETURN RECEIPT REQUESTED
## ARTICLE NUMBER 7008 0500 0000 1889 1313

Reassure America Life Insurance Company
300 East State Street
Jacksonville, Illinois 62650

> **RE: Insured Name: Melba Brendle**
> **Policy Number: 24023127**
> **Correspondence Number: 08626364**

Dear Sir:

I sent you a letter on January 28, 2009 regarding a Forty Thousand Dollars ($40,000.00) check that you stopped payment on with no explanation. In fact, you apparently do not have the right to stop the payment, and have exposed yourself to the Tennessee Consumer Protection Act, and the penalties which are up to triple damages and attorney's fees. In other words, you have exposed yourself to Forty Thousand Dollars ($40,000.00) times three (3), being One Hundred and Twenty Thousand Dollars ($120,000.00) plus attorney's fees. This is all unnecessary, yet you having deliberately, willfully and intentionally ignored my letter of January 28, 2009.

Therefore, I am sending you a letter by U.S. Mail, Return Receipt Requested, and I am expecting you to pay the expenses currently that I have suffered as a result of your stopping payment. There was a stop payment charge from the bank, there is the cost of the sending of the letter faxed, and the cost of sending this letter Return Receipt Requested. At present, all I want is the Forty Thousand Dollars ($40,000.00) in certified funds plus the expenses I have suffered. In the event you want to do that, please notify me in the next five (5) days from receipt of the letter, and I will get you the total cost, including the cost of sending this letter.

At this point there will be no attorney's fees due, but in the event that you force me to sue you, and you force me to bring an action, and if I do bring an action, my attorney generally gets Three Hundred Dollars ($300.00) to Three Hundred and Fifty Dollars ($350.00) per hour, so this would be a substantial amount for you to pay.

With Kindest Personal Regards,

*Robert*

Robert S. Holland

RSH/lmf

    Enclosures
cc:    File

C:\Users\Holland Law\Documents\RSH Client Folders\2001 Client Folders\2001-004 Melba Brendle\Reassure America.021109.Ltr.wpd

ROYAL INDEMNITY CO                    01-30-1989

ELBA BRENDLE                          32N4023127

ROYAL LIFE INSURANCE COMPANY OF AMERICA (ROYAL LIFE) agrees to pay the annuity benefits in the amounts and on the due days shown on page 2, subject to the provisions of this contract. These annuity benefits are in consideration of a single premium payment.

*Allen D. Peuclot*                    *C. Ronald Riley*

CORPORATE SECRETARY                   PRESIDENT

**THIS IS A COPY OF THE ORIGINAL CONTRACT HELD BY THE OWNER**

**INDIVIDUAL ANNUITY CONTRACT**

SINGLE PREMIUM IMMEDIATE LIFE ANNUITY
NONPARTICIPATING (NO DIVIDENDS)

Payments Certain as specified on Page 2. Single Annuity consideration.

**30-DAY FREE LOOK PRIVILEGE**

The single premium will be refunded if this contract is returned to Royal Life or the Agent through whom it was purchased for cancellation within 30 days after it is delivered.

PLEASE READ YOUR CONTRACT IN FULL

#75503A                                                    5/87

## CONTRACT SPECIFICATIONS

OWNER: ROYAL INDEMNITY CO

ANNUITANT: MELBA BRENDLE

CLAIM NUMBER: 428G35823

ANNUITANT'S SEX: FEMALE

ANNUITANT'S DATE: 06-14-1944
OF BIRTH

01-30-1989  :CONTRACT DATE

32N4023127  :CONTRACT NUMBER

FOR VALUABLE  :SINGLE ANNUITY
CONSIDERATION  CONSIDERATION

12.0 %  :INTEREST RATE
FOR DISCOUNTING

## ANNUITY BENEFITS SCHEDULE

| ANNUITY PAYMENT | PAYMENT STARTING DATE | NUMBER OF ANNUITY PAYMENTS CERTAIN | DUE DAY |
|---|---|---|---|
| $500.00/Month | 04-01-1989 | 360 Months, followed by payments for as long as the payee is alive. | 1st. |
| $20,000.00 | 01-01-1994 | 1 | 1st. |
| $20,000.00 | 01-01-1999 | 1 | 1st. |
| $40,000.00 | 01-01-2009 | 1 | 1st. |

1. **Entire Contract:** This Annuity contract and the application, a copy of which is attached at issue, are the entire contract. All statements made in the application will be taken as true and complete to the best of the knowledge and belief of those who made them.

   This contract may be changed only by written agreement signed by an Officer of Royal Life.

2. **Incontestability:** This contract will be incontestable from its Date of Issue.

3. **Annuity Benefits:** Royal Life will pay the Annuity Payments in the amount and on the due days as set forth in the Annuity Benefits Schedule on Page 2. Such payments will begin on the Payment Starting Date. Except as stated under Death of Annuitant, the Annuity Payments will end with the death of the Annuitant. The Annuity Benefits Schedule controls as to the exact manner in which payments are to be made, to whom, in what amount, and for what period of time.

4. **Misstatement Of Age Or Sex: "Age"** In this contract means the Annuitant's age as of his or her last birthday. If the age or sex of the Annuitant has been misstated, any amount payable will be adjusted to that which would have been payable for the correct age and sex.

5. **Assignments:** This policy may not be assigned, sold, discounted, or pledged as collateral for a loan or as security for performance of an obligation or for any other purpose to any person other than Royal Life.

6. **Contract Dates:** The Date of Issue is used to determine contract years, months, and anniversaries.

7. **Beneficiary:** The Beneficiary is the person or entity named in the application. If no person or entity is so named, or if the person or entity named is not living at the time of the Annuitant's death, any payments to be made after the death of the Annuitant shall be made to the estate of the Annuitant. The Owner may change the Beneficiary at any time while the Annuitant is living unless the Owner has waived this right. A request for such a change must be in writing. The change will take effect as of the date of the request, but it will not apply to any payments made or other action taken before Royal Life receives the request.

8. **Annuitant:** The Annuitant is the individual to whom payments will be made as set forth in the Annuity Benefits Schedule. Upon death of the Annuitant, any payments due will be continued as provided in the Annuity Benefits Schedule.

   The Annuitant may not:
   – subject the payments to a lawsuit or claim;
   – accelerate, increase, or decrease amounts to be received;
   – commute any of the future payments;
   – assign amounts to be paid under this contract;
   – elect any other annuity income options.

9. **Proof Of Survival Or Death:** Royal Life may require satisfactory proof of the survival or death of any person whose survival or death affects any payment or payee.

10. **Guarantees:** Neither annuity payments nor any other values under this contract will be affected by actual mortality, interest, or expense experience.

## DEATH OF THE ANNUITANT

If the Annuitant dies before the number of annuity payments made equals the number of Annuity Payments Certain, as stated in the Annuity Benefits Schedule, payments will continue to be made to the beneficiary until the number of payments made equals the number of Annuity Payments Certain.

Royal Life reserves the right to commute any remaining payments into a lump sum and pay it to the beneficiary. The present value of such payments will be computed by discounting such payments at an effective rate of interest equal to the Interest Rate stated on Page 2.

With the consent of Royal Life, the beneficiary may elect to exchange the remaining Annuity Payments Certain for a lump sum.

The beneficiary may not:
– subject the payments to a lawsuit or claim;
– accelerate, increase, or decrease amounts to be received;
– exchange periodic payment annuity benefits for a lump sum, without the consent of Royal Life;
– assign amounts to be paid under this contract;
– elect any other annuity income options.



ReliaStar Life Insurance Company
of America

**INDIVIDUAL ANNUITY CONTRACT**

**SINGLE PREMIUM IMMEDIATE LIFE ANNUITY**
**NONPARTICIPATING (NO DIVIDENDS)**

Payments Certain as specified on Page 2. Single Annuity consideration.

Exhibit 4

· **Reassure America Life Insurance Company**
PO Box 1147, Jacksonville, IL 62651-1147
Phone 800-637-4475 Fax 803-333-7842

2009 MAY 21  PM 4:17

January 9, 2009

SMITH COURT CLERK

MELBA BRENDLE
% ROBERT S HOLLAND ATTRNY
308 COGDILL RD NW
KNOXVILLE TN 37922

*Margie*

Insured Name: Melba Brendle
Policy Number: 24023127
Correspondence Number: 08626364

Dear Melba Brendle:

This letter is to remind you that the lump sum payment due January 1, 2009, is the last and final payment due under the above-mentioned contract.

This contract provided the following lump payments:

$20,000.00   due January 1, 1994
$20,000.00   due January 1, 1999
$40,000.00   due January 1, 2009 (and this final payment was recently mailed to you.

If you have any questions, please call the Client Service Center at 800-637-4475, Monday through Friday from 7:30 AM to 4:30 PM Central Standard Time.

Sincerely,

Repetitive Payments

*Exhibit 5*

March 19, 1998

Royal Life Insurance Company of America
P.O. Box 240633
Charlotte, NC 28224

RE: Melba Brendle
    Contract No. 32N4023127
    PSI No. 3-03-00262

Dear Sir:

Please change the Beneficiary in the event of my death to Robert S. Holland as Trustee or his successors, assignees, transferees or heirs. In the event that forms are needed, please send to me % Robert S. Holland, 10805 Kingston Pike, Suite 130, The Sandstone West Building, Knoxville, Tennessee 37922. It is my intent that this change will be effective from the date of your receipt of this letter. My attorney in fact is signing as I have granted him this authority and duty to change my Beneficiary.

Thanks,

Melba Brendle, Annuitant

*Melba Brindle*

Robert S. Holland, Attorney in Fact

*Robert S. Holland*

RSH/smt
Brendle.05

Exhibit 6

# Holland and Holland

*Attorneys at Law*
*An Association, not a partnership*

The Sandstone West Building
10805 Kingston Pike, Suite 130
Knoxville, Tennessee 37922

Telephone: (865) 675-3151

*J. Terry Holland*

*Robert S Holland*
*Shannon M. Holland*

*March 30, 1998*

## VIA FIRST CLASS U.S. MAIL

Royal Life Insurance Company of America
P. O. Box 240633
Charlotte , NC 28224

> RE:   Melba Brendle
>        Contract # 32N4023127
>        PSI # 3-03-00262

Dear Sir:

Please find enclosed a Memo of Declaration of Trust recorded per the above captioned annuity. Please place in said file. This document recorded in Knox Co Tennessee Registers Office WB 2280 page 878.This supplements the letter of March 19, 1998 re the same file.

Sincerely,

Robert S. Holland

Robert S. Holland

RSH/

cc:   File

## MEMO OF DECLARATION OF TRUST

WHEREAS, three Trust Agreements were entered into on or about May 19, 1993 and January 25, 1996 by and between Robert S. Holland , Trustee and Melba Brendle, Beneficiary and;

WHEREAS, Trustee is entitled to certain assets being the proceeds from an Annuity policy owned by Royal Indemnity Company #32N4023127 pursuant thereto it is hereby declared as follows:

1. THAT said Trust Agreements of May 19, 1993, January 25, 1996 and March 19, 1998 and all exhibits and attachments sets forth the terms of the agreement between Robert S. Holland as Trustee and Melba Brendle as Grantor/Beneficiary.

2. THAT it is agreed that all of the terms and conditions of this fiduciary relationship are set forth in said Trust Agreements being Trust Number MA39MBDM37923005 and the Brendle Irrevocable Trust of January 25, 1996.

3. Said three Trust Agreements and other related documents and Powers of Attorney gives Trustee the authority to execute all Trust and insurance annuity documents in Melba Brendle's name and stead, as her attorney-in-fact, and comply with all reasonable requirements of Royal Indemnity Company, Royal Life Insurance Company, Protective Settlements, Inc., and/or their Successors, Transferees, or Assigns.

4. Also, it is Grantors specific intent that Trustee have the right and power to make all directions to said companies regarding Annuity 32N4023127 of which the Undersigned is the annuitant. This includes, but is not limited to, receiving all payments before and after my death, changing the Beneficiary of said Annuity and changing the Trustee or my attorney-in-fact as well as to whom payments shall be sent by the company making said annuity payments.

5. Further, it is my intent that any funds received by my Estate, Executor, Administrator, heirs, transferees, or assigns including the Owner of the policy shall be paid over to the Trustee identified herein or its Successors or Assigns. Trustee has the authority pursuant to the Trust documents to appoint a Successor and if not Successors are appointed by said Trust documents, attachments, and Exhibits.

6. It is agreed by the undersigned that I notified Royal Life Insurance Company of America by letter dated January 25, 1996 and a copy of same attached hereto and included herein of my determination that Robert S. Holland, Trustee or his assignees, successors, transferees or assigns shall be the Beneficiary of the above identified annuity. Said January 25, 1996 letter does not make my intent clear as to Robert S. Holland, Trustee successors but this instrument and the recordation of same is intended to give said notice to the world including Royal Life Insurance Company of America.

*Robert S. Holland* Trustee
Robert S. Holland , Trustee
Not individually but as such Trustee to bind the trust estate

*Melba Brendle* , Beneficiary/Grantor
Melba Brendle

BY: *Melba Brendle*
Melba Brendle

STEVE HALL
REGISTER OF DEEDS
KNOX COUNTY

NOTARY

### STATE OF TENNESSEE

### COUNTY OF KNOX

Personally appeared before me, *Melissa Lucher* the undersigned authority, the within named bargainor, Melba Brendle and Robert S. Holland, with whom I am personally acquainted (or proved to me on the basis of satisfactory evidence) and who acknowledged that they executed the within instrument for the purposes therein contained.

Witness my hand at office this 19th day of March , 1998.

*Lucher*

Notary Public

My Commission expires: 12/5/2000

This Instrument Prepared by:
Robert S. Holland
The Sandstone West Building
10805 Kingston Pike, Suite 130
Knoxville, TN 37922
423.675.3151

```
INST: 61371   WB  2305 PG: 878
REC'D FOR REC 03/23/1998 16:12:30 KNOX CO. TN
RECORD FEE:   $.
RECORD FEE:   $   8.00
MORTGAGE TAX: $   0.00  TRANSFER TAX: $
                                         0.00
```

Case 3:09-cv-00282-TAV-CCS   Document 1-1   Filed 06/26/09   Page 26 of 26   PageID #: 29